UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGELBRECHT, B.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF PLACER; PLACER COUNTY SHERIFF'S DEPARTMENT; WAYNE WOO, PLACER COUNTY JAIL SUPERVISOR JEFF SWEARINGEN, N.P., PLACER COUNTY PRE-TRIAL PROBATION SUPERVISOR DAVID KEENAN, WELLPATH, and TYLER SOGA, NURSE PRACTIONER, PLACER COUNTY JAIL INFIRMARY, only in their official capacities, and DOES 1 through 100, in their individual and official capacities,<br><br>　　　　Defendants. | No. 2:23-cv-00286-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS' COUNTY OF PLACER AND PLACER COUNTY SHERIFF'S DEPARTMENT'S 12(b)6 MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE** |

　　This matter is before the Court on Defendants County of Placer and Placer County Sheriff's Department's (collectively, "Defendants") motion to dismiss Plaintiff B Engelbrecht's ("Plaintiff") Amended Complaint ("Amended Complaint").  Mot. to

1

Dismiss ("Mot."), ECF No. 22.  Plaintiff's Amended Complaint alleges three claims under 42 U.S.C. section 1983 against Defendants for unconstitutional medical care provided to Plaintiff.  See Am. Compl., ECF No. 18. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with prejudice.[1]

## I. FACTUAL ALLEGATIONS

Since 2000, Plaintiff has had a variety of health complications and rare diseases for which she received bi-weekly intravenous infusions.  Am. Compl. ¶¶ 7, 9, 11, 37.  In 2017, Plaintiff relocated to Texas where she continued to receive bi-weekly infusions.  Id. at ¶ 37.

Plaintiff was criminally charged in Placer County, California and extradited from Texas to California on January 17, 2022.  Id. at ¶¶ 3, 40.  Plaintiff exhibited health concerns when she arrived at Placer County Jail and was re-routed to a nearby emergency room before being placed in custody.  Id. ¶¶ 41, 42. An ankle monitor was placed on Plaintiff that evening.  Id. ¶ 43. The following day, Defendant Tyler Soga ("Soga"), a nurse practitioner for the Auburn Jail, examined Plaintiff and provided medical care.  Id. at ¶¶ 33, 51.  Plaintiff informed Defendant Soga of her unique medical condition and requirements for infusion treatments at that time.  Id. at ¶ 33.

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 1, 2023.

After several court appearances and having contracted COVID-19, Plaintiff was ultimately released from custody on February 17, 2022, provided she: (1) remain in the Sacramento-Roseville area pending her criminal matter; and (2) wear an ankle monitor. Id. at ¶¶ 45-46. Plaintiff requested she be provided the bi-weekly infusion treatment while in custody and at each court appearance before her conditional release. Id. at ¶ 46.

Plaintiff was allowed to return to Texas following a bail review on March 8, 2022, on the condition she remain subject to ankle monitoring. Id. at ¶¶ 47-48. On April 19, 2022, Placer County Probation removed Plaintiff's ankle monitor, and she resumed her bi-weekly infusion treatments in Texas. Id. at ¶¶ 48, 59, 71, 74.

Plaintiff asserts the bi-weekly infusion treatments she received in McKinney, Texas could not be replicated in a timely manner in another location without putting her life at risk. Id. at ¶ 42. Accordingly, Plaintiff claims Defendants' failure to secure her release from custody and prompt return to Texas was unconstitutional. Id. at ¶¶ 42, 49, 52, 59, 71. Plaintiff alleges Defendants' actions and omissions caused her harm that amounted to an intentional deprivation and deliberate indifference towards Plaintiff's constitutional right to medical care. Id.

Defendants, collectively, now move to dismiss Plaintiff's Amended Complaint. See Mot. Plaintiff opposes the motion, Opp'n, ECF No. 26, and Defendants replied. Reply, ECF No. 27.

///
///

II. OPINION

A. Legal Standard

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

B. Analysis

    1. Plaintiff Fails to Adequately Plead Monell Claims

Plaintiff asserts three claims under 42 U.S.C. section 1983 against Defendants. See Am. Compl. The first two claims arise from alleged violations of the Eighth Amendment of the U.S.

4

1  Constitution, while the third claim is for intentional and
2  malicious infliction of emotional distress based on the harm
3  Plaintiff allegedly suffered as alleged in the first two claims.
4  Id.  Defendants move to dismiss all three claims on the ground
5  that Plaintiff fails to state a claim for relief under 42 U.S.C.
6  section 1983 because Plaintiff has not alleged, and cannot
7  allege, that there was a custom, policy, or practice which was a
8  moving force behind the alleged constitutional violations under
9  Monell.  Mot. at 4.

10      Municipalities and local governments may be held liable
11  under section 1983 for constitutional injuries inflicted through
12  a policy or custom.  Monell v. Dep't of Soc. Servs. of City of
13  New York, 436 U.S. 658, 694 (1978).  "A policy is a deliberate
14  choice to follow a course of action made from among various
15  alternatives by the official or officials responsible for
16  establishing final policy with respect to the subject matter in
17  question."  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143
18  (9th Cir. 2012) (internal quotation marks and citation omitted).
19  "In addition, a local governmental entity may be liable if it
20  has a policy of inaction and such inaction amounts to a failure
21  to protect constitutional rights."  Lee v. City of Los Angeles,
22  250 F.3d 668, 681 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954
23  F.2d 1470, 1474 (9th Cir. 1992) (internal quotation marks and
24  citation omitted).  To assert a Monell claim, a plaintiff must
25  show: (1) they were deprived of a constitutional right; (2) the
26  defendant had a policy or custom; (3) the policy or custom
27  amounted to deliberate indifference to the plaintiff's
28  constitutional right; and (4) the policy or custom was the

moving force behind the constitutional violation.  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); Mabe v. San Bernardino Cty., 237 F.3d 1101, 1110-11 (9th Cir. 2001).

While Monell claims are not subject to the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure, Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 168 (1993), they "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotation marks and citation omitted).  "[T]he factual allegations [. . .] taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing part to be subject to the expense of discovery and continued litigation."  Id.

Here, Plaintiff does not adequately allege a custom or policy that was the moving force behind Plaintiff's alleged constitutional violations.  Aside from an alleged single incident of unconstitutional activity, Plaintiff does not identify another instance where Defendants failed to treat her rare disease.  The absence of these necessary allegations causes her claims to fail. Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992); see also Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out

policy.").

Although Plaintiff uses Monell buzzwords in her Amended Complaint, she does not provide the necessary factual support as to the policies, practices, customs, or usages to which she is referring. Plaintiff also fails to provide any additional information in her opposition as to how she could possibly cure the deficiencies in her Amended Complaint. See Am. Compl. ¶¶ 4, 13, 17; Opp'n at 5, 9. (Generally, conclusory allegations without any underlying facts to support them are insufficient. See Starr, 652 F.3d at 1216.) In fact, Plaintiff concedes she is unaware of whether Defendants' actions or omissions were attributable to any custom or policy, or to some other reason. See Opp'n at 9 ("It is not known at this early stage if [actors within the scope and ambit of Placer County activities were deliberately indifferent] because they were intimidated by Superior Court Judge Gazzaniga's constant minimization, if not disdain, for providing the appropriate care of the Plaintiff, or for some other reason. That is the purpose of formal discovery.").

Plaintiff relies on McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1992)[2] and Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006) to support her position that her Monell claims are sufficiently pleaded. Opp'n at 10. Both cases are inapposite here: McGuckin and Jett do not address a *municipality's* liability under section 1983, and those cases do not relieve Plaintiff of her obligation to Identify in her Amended Complaint the policy or custom which

---

[2] McGuckin was overruled by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) on grounds not relevant here.

caused the violation of her constitutional rights.

Because Plaintiff has failed to allege sufficient *facts* demonstrating a pattern, practice, or custom under Monell, Defendants' motion to dismiss Plaintiff's claims is GRANTED.[3]

### 2. Defendants' Motion to Dismiss is Granted With Prejudice As Leave to Amend Would Be Futile

Granting or denying a request for leave to amend is within the discretion of the District Courts. Foman v. Davis, 371 U.S. 178, 182 (1962). While leave to amend a complaint should be freely given, id., "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility. . . ." (Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by any amendment. Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007).

Based on the allegations in the Amended Complaint and Plaintiff's opposition, it does not appear that Plaintiff can support—with specific facts and allegations—that Defendants had a custom or policy which caused a constitutional violation in this case. As Defendants note, Plaintiff acknowledges she is

---

[3] The Court makes this ruling without considering the propriety of Plaintiff's third claim brought under section 1983, entitled "COUNT THREE—42 U.S.C. § 1983 Intentional and Malicious Infliction of Emotional Distress." Am. Compl. at 21. Regardless of whether this claim can properly be brought under section 1983, Plaintiff has nevertheless failed to allege that a custom or policy was the moving force behind the alleged constitutional violations. Therefore, this claim fails as a matter of law for the reason identified in Defendants' motion and is resolved without further addressing the viability of this claim as alleged.

1 unaware whether Defendants operated according to a custom or
2 policy that was the moving force behind constitutional
3 violations.  See Opp'n at 9 ("At this time, it is not known
4 whether the policy or custom and usage failure to act and care
5 for the Plaintiff with respect to this clearly rare and
6 dangerous disease, occurred within Wellpath, or within the
7 Sheriff's Office, or both."); id. at 5.
8      Even though Plaintiff states that she has discovered "new
9 facts inferring constitutional violations within the ambit of
10 Placer County," Opp'n at 11, she does not reveal what she has
11 discovered, let alone the basis for the inference.  More
12 importantly, Plaintiff claims these undisclosed new facts and
13 "revelations" would support the potential liability of those
14 individuals involved in Plaintiff's alleged harm.  Notably,
15 Plaintiff does not contend that such facts would also reveal the
16 existence of a longstanding custom or policy of Defendants which
17 was the moving force behind her alleged constitutional
18 violations.  Opp'n at 6-7, 11. Plaintiff has twice demonstrated
19 the inability to sufficiently plead a Monell claim.  She is not
20 entitled to a third attempt.[4]
21 ///
22 ///
23

---

[4] The Court does not construe Plaintiff's opposition to the motion to dismiss as a request for leave to file a Second Amended Complaint, given Plaintiff's stated intention to file a separate motion for leave in the future.  Opp'n at 11.  To the extent Plaintiff does seek leave to amend the Amended Complaint within her opposition, the Court will not consider the request because it is improperly made.  Local Rule 137(c).

9

The Court finds that further amendment would be an exercise in futility, Ascon Properties, Inc., 866 F.2d at 1160, and therefore GRANTS Defendants' motion to dismiss all three claims WITH PREJUDICE.

### III.  ORDER

For the reasons set forth above, Defendants' County of Placer and Placer County Sheriff's Department's motion to dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: September 20, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE